UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO MEDEROS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 15-13623-FDS |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

　　This action is a *pro se* request for declaratory relief under 28 U.S.C. § 2201, and further relief under 28 U.S.C. § 2202, by a civil committee and alien subject to a removal order. Plaintiff Antonio Mederos has filed three prior petitions to this court for a writ of habeas corpus. Having been denied each time, Mederos brought the present action seeking a declaration that his confinement in the Massachusetts Treatment Center ("MTC") in Bridgewater, Massachusetts, results from procedural error. Specifically, Mederos seeks a declaration that (1) the Department of Homeland Security Immigration and Customs Enforcement ("ICE") was required to take him into custody at the completion of his earlier criminal sentence; (2) ICE was required to withdraw its detainer when it became aware of the Commonwealth's petition to commit him as a sexually-dangerous person; and (3) the Commonwealth was required to drop its petition for civil commitment upon learning that ICE had filed a valid detainer for his removal with the Massachusetts Department of Corrections ("DOC"). Mederos also seeks a court order directing ICE to take custody of him immediately, or, in the alternative, voiding the final order of removal

1

issued by the Immigration Judge. Because plaintiff's request is properly construed as a fourth petition for a writ of habeas corpus under 28 U.S.C. § 2254, it will be dismissed pursuant to 28 U.S.C. § 2244(b) for the reasons set forth below.

I.      **Background**

    A.      **Factual Background**

On March 27, 2000, Mederos was sentenced to a three-year term of imprisonment for indecent assault and battery on a child under the age of fourteen, to be served consecutively to a one-year sentence that he was already serving.[1] A year earlier, Mederos had been notified that removal proceedings had been instituted, and that a detainer had been issued to his place of incarceration. In 2001, while Mederos was serving his prison term, an ICE Immigration Judge ordered him to be removed from the United States. In 2002, the Massachusetts DOC sent a letter to the Suffolk County District Attorney's Office advising it, pursuant to Mass. Gen. Laws ch. 123A, § 12(a), of Mederos's prospective release on December 31, 2002.[2] One month before his release, the DOC informed Mederos that ICE agents would take him into custody upon his release, pending his removal. Instead, on December 19, 2002, before his scheduled release from the DOC, he was taken into court, appointed counsel, and notified of the existence of a petition to commit him civilly as a sexually-dangerous person.

The complaint alleges that Mederos advised the Immigration Judge of the circumstances, and that he received a reply stating that the Commonwealth could not override the judge's order

---

[1] The Massachusetts Appellate Court indicated that Mederos pleaded guilty to two charges resulting in his original sentence: rape and abuse of a person under the age of sixteen, and indecent assault and battery on a person fourteen or older. *Commonwealth v. Mederos*, 71 Mass. App. Ct. 1123, 2008 WL 1958004, *further appellate review denied*, 451 Mass. 1108 (2008).

[2] Mederos maintains that the DOC's letter was flawed in that it did not mention the ICE detainer then in effect.

of removal. Mederos provided copies of that letter to his attorney and the DOC, but he contends that nothing was done to notify ICE that he was available to be taken into its custody. At his civil-commitment proceedings, he advised the court of the final order of removal, but was told that his removal proceedings had no bearing on his commitment status. Mederos was found to be sexually dangerous and, on January 14, 2003, was committed to the MTC for an undetermined term of one day to his natural life.

The complaint alleges that ICE ignored the fact that the Commonwealth was seeking to commit Mederos civilly, and that the final order of removal stated that he was to be transferred to ICE upon completion of his criminal sentence. Mederos concedes that ICE does not have to act on an order to remove an alien, but contends that it cannot allow a final order of removal to languish and then initiate enforcement whenever it sees fit.[3]

Further, Mederos contends that he is unable to participate in the final phase of treatment, which should take place at the Community Transition House, because he is subject to the ICE detainer. Without that treatment, according to the complaint, he is unable to demonstrate satisfactory adjustment, and so is forced to serve a life sentence at the MTC. The complaint alleges that he is in a perpetual state of limbo because he is civilly committed until he completes sexual-offender treatment, but he cannot complete that treatment due to the ICE detainer. At the

---

[3] Attached to Mederos's request for declaratory judgment was a letter from ICE to Mederos dated January 30, 2012. (*See* Docket No. 1-2 at 36). In that document, ICE advised Mederos that it could not determine whether it was proper for the DOC to send a letter to the District Attorney's Office (to proceed with civil commitment proceedings) without giving ICE an opportunity to initiate removal. The letter further indicated that ICE would only take custody of him when no other law enforcement agencies wished to keep him in civil or criminal custody. ICE deemed irrelevant whether or not it was notified of the end of his criminal sentence, because he had been civilly committed without having been released from state custody.

In another letter dated January 4, 2012, ICE advised Mederos that an ICE detainer serves only to provide sufficient time for ICE to assume custody of an alien after the custodial agency decides to release an alien from its custody. (*See* Docket No. 1-2 at 38).

same time, he cannot be taken into ICE custody and removed from the United States, because he is civilly committed until he completes that treatment.

Moreover, the complaint alleges that the final phase of treatment may be unnecessary. Mederos contends that, because he has been involved in sexual-offender therapy on a consistent basis for thirteen years, he may be able to convince a jury that he is no longer sexually dangerous, and that he should to be transferred into ICE's custody to be removed.

### B.     Prior Related Litigation

Mederos has previously raised similar challenges to his civil commitment at the MTC in both state and federal court, as discussed below.

#### 1.     *Commonwealth v. Mederos*

Mederos appealed the judgment and order of civil commitment on the grounds that the Superior Court lacked jurisdiction to consider the petition because, at the time, he was subject to removal. *Mederos*, 2008 WL 1958004, at *1 (Mass. App. Ct. May 7, 2008). He also asserted that his civil commitment deprived him of his due process rights because his removal status made it unlikely that he would be released into the community or re-offend in the Commonwealth. *Id.* The Massachusetts Appeals Court rejected those arguments, holding that Mederos remained subject to the laws of the Commonwealth. *Id.* The court also rejected the jurisdictional argument based on the removal order because Mederos had remained in state custody continuously without interruption since his original conviction. *Id.* at *2. Finally, the court rejected his reliance on the removal order, because there was no indication that federal authorities had sought to enforce the order, take him into custody, or intervene in the civil commitment proceedings. *Id.*

## 2. *Mederos v. Chadbourne, et al.*

On December 9, 2004, Mederos filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Mederos v. Chadbourne, et al.*, Civ. A. No. 1:04-cv-12598-GAO (D. Mass. Aug 4, 2005). Mederos contended that although ICE had ordered him to be removed, he had not been taken into federal custody for purposes of removal. He argued that his continuing detention at the MTC violated his procedural and substantive due process rights, as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The respondents moved to dismiss on the grounds that the court lacked jurisdiction to provide the relief requested—that is, to order federal officials to take him into custody, citing *Reno v. American Arab Anti-Discrimination Committee*. *See* 525 U.S. 471, 473, 482 (1999) (holding that 8 U.S.C. § 1252(g) "deprives federal courts of jurisdiction" to review government decisions to "commence [immigration] proceedings, adjudicate cases, or execute removal orders"). The respondents also contended (1) that the court had no jurisdiction to interfere with the Attorney General's discretion to decide not only whether to prosecute removal proceedings or execute removal orders, but also to decide when such actions would occur, *see Alvides-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999); (2) that Mederos's reliance on *Zadvydas* and 8 U.S.C. § 1231(a)(6) was misplaced because he was in state custody and was not being indefinitely detained by the Attorney General or ICE beyond the removal period, *see* 8 U.S.C. § 1231(a)(1)(A)(I)-(iii); and (3) that his petition for mandamus was unavailing because mandamus may issue to compel the performance of a clear, non-discretionary duty, which did not exist under the circumstances.[4]

---

[4] Notably, the respondents argued that to the extent Mederos was raising a due process challenge to his confinement at MTC, the proper respondents were the officials of the Commonwealth of Massachusetts, not the named federal defendants. (*See* Docket No. 11 at 8, n.3).

On August 4, 2005, Judge O'Toole granted the respondents' motion to dismiss as unopposed and because it appeared from the record that Mederos was not in custody in violation of the Constitution or laws of the United States. Thereafter, Mederos filed an opposition and the case was reopened. On December 21, 2005, Judge O'Toole entered an order again dismissing the petition.

### 3. *Mederos v. Murphy, et al.*

On December 4, 2007, Mederos filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his civil confinement at the MTC. *Mederos v. Murphy, et al.*, Civ. A. No. 1:07-cv-12229-RGS (D. Mass. Dec. 21, 2007). This time, he sought release to ICE custody so that he could be removed to Spain. He argued, as in the present action, that he should have been transferred into federal custody upon the expiration of his criminal sentence. He also argued that his civil commitment was sought improperly, delaying his removal from the United States.

On December 21, 2007, Judge Stearns issued a memorandum and order denying the petition and dismissing the action. In rejecting Mederos's claims, Judge Stearns indicated that the 90-day removal period for aliens who are confined (except through the immigration process) does not begin until the alien is released from confinement. *Id.* at 3 (citing 8 U.S.C. § 1231(a)(1)(A)-(B)). Thus, the 90-day removal period for Mederos would commence upon his release from state custody.

### 4. *Mederos v. Murphy, et al.*

On June 12, 2009, Mederos filed a third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his civil commitment to the MTC as a sexually-dangerous person. *Mederos v. Murphy*, 762 F. Supp. 2d 209, 212 (D. Mass. 2010). In that petition, he reasserted

two claims that had been previously rejected by the Massachusetts Appeals Court in *Commonwealth v. Mederos*: (1) that the state lacked jurisdiction to initiate civil commitment proceedings because he was subject to a final order of removal, and (2) that the Massachusetts Superior Court violated federal immigration law when it acted on the petition to commit him civilly in light of the removal order.

The respondents moved to dismiss the petition. On August 20, 2010, Mederos's appointed counsel filed a document entitled "Status Report and Request for a Scheduling Order. (Docket No. 21). In it, his counsel sought a 45-day window to explore a potential due process issues and prepare a motion to stay Mederos's exhausted claims, so that the potential issue could be pursued in state court. His counsel argued that persons subject to deportation orders "may be categorically precluded from participating in the Community Transition House and the Community Access Program at the Massachusetts Treatment Center." (*Id.* at 3.) He also contended that "[a] civil committee cannot be administratively released without being accepted into and successfully completing residence at the Community Transition House, and being recommended for release by an internal body called the Community Access Board, [thus] barring persons under deportation orders from participating in these programs would prevent them from ever being released, in violation of their constitutional rights." (*Id.*).

In her August 23, 2010 Report and Recommendation, Magistrate Judge Dein concluded that the due process issue had not yet been exhausted in state court, and recommended allowing Mederos 45 days to present a motion to stay his exhausted claims to pursue the issue in state court. She stated that "it is premature to determine whether the claim is potentially meritorious," but "on its face, the claim raises a serious question." 762 F. Supp. 2d at 212. Her recommendation that "the pending motion to dismiss be allowed" was "subject to the District

Judge's decision regarding the request for a scheduling order," or rather, his decision whether to allow the 45-day window for Mederos to file a motion to stay. *Id.*

On September 15, 2010, Judge Stearns adopted Magistrate Judge Dein's Report and Recommendation, and dismissed Mederos's petition with prejudice. *Id.* at 209. He made no mention of Mederos's request for a 45-day window, and no motion to stay had been filed in the interim. Mederos filed a notice of appeal. Judge Stearns denied a request for a certificate of appealability. On March 4, 2011, the United States Court of Appeals for the First Circuit also denied Mederos's request for a certificate of appealability and terminated the appeal. *Mederos v. Murphy, et al.*, Civ. A. No. 10-2222 (1st Cir. 2011).

## II.     Analysis

### A.     Petition for a Writ of Habeas Corpus

This action must be construed as a petition for a writ of habeas corpus. The Declaratory Judgment Act "cannot be invoked by state prisoners" who might otherwise bring petitions for a writ of habeas corpus, "so as to avoid the necessity of exhausting state judicial remedies." *Grayson v. Eisenstadt*, 300 F. Supp. 979, 982 (D. Mass. 1969) ("In short, the plaintiff's status is that of a state prisoner seeking to challenge the legality of his custody by resort to the federal courts, and he differs from the traditional habeas corpus petitioner only in the name he ascribes to his petition and in that he seeks injunctive and declaratory relief . . . to hold otherwise would be tantamount to repealing the Congressional codification of the exhaustion doctrine in 28 U.S.C. § 2254."). Where those in state custody attempt to circumvent the exhaustion requirements of 28 U.S.C. § 2254, by challenging the fact, duration, or conditions of their confinement through other means, their claim should be construed as a petition for a writ of habeas corpus. *See Fox v. Lappin*, 441 F. Supp. 2d 203, 206 (D. Mass. 2005) (holding that a

prisoner's claim that his misclassification as a sex offender resulted in the denial of transfer to a halfway house "is more appropriately construed as a habeas petition"). Consequently, plaintiff's request for declaratory relief will be construed as a petition for a writ of habeas corpus and subject to the procedural requirements under § 2254 and § 2244.

### B. Habeas Procedural Requirements

#### 1. Exhaustion Requirements under 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(b)(1), "a person in custody pursuant to the judgment of a State court" must exhaust his state court remedies before bringing any claim in a federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Accordingly, Mederos bears a "heavy burden" to demonstrate that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Adelson v. DiPaola*, 131 F.3d 259 (1st Cir. 1997).

It does not appear that Mederos has met that burden. He has not demonstrated that he has exhausted all state court remedies for the specific claim at issue here—namely, that his due process rights are being violated because the ICE detainer bars him from completing the treatment necessary to be released from civil commitment. In 2010, Magistrate Judge Dein found this issue was not exhausted, and recommended that Judge Stearns allow Mederos 45 days to file a motion to stay, so as to pursue the claim in state court. *Mederos*, 762 F. Supp. 2d at 212. On the record before the court, this issue still has not been exhausted in state court.

#### 2. Requirements for Successive Petitions under 28 U.S.C. § 2244(b)

Under 28 U.S.C. § 2244(b), it is difficult for prisoners to bring claims in successive habeas petitions. If a petitioner "presented" his claim in a prior petition for a writ of habeas

corpus, it must be dismissed pursuant to § 2244(b)(1). If his claim was "not presented in a prior application," it must satisfy the substantive requirements set forth in § 2244(b)(2),[5] and the petitioner must also meet the procedural requirements set forth in § 2244(b)(3).[6] If either of those requirements is not met, the claim "shall be dismissed" under § 2244(b)(2).

It appears that Mederos previously presented this claim in *Mederos v. Murphy*, 762 F. Supp. 2d 209, 212 (D. Mass. 2010). Magistrate Judge Dein concluded that Mederos's contention that he may be "prevent[ed] from ever being released" was a "serious question," but that it was "premature to determine whether the claim is potentially meritorious." *Id.* at 212. Still, Judge Stearns dismissed the claim. 28 U.S.C. § 2244(b)(1) therefore requires this claim be dismissed.

Even if the claim in that action and Mederos's present claim can be meaningfully distinguished, § 2244(b)(2) still requires dismissal. Mederos has not attempted to demonstrate how his claim meets the demanding substantive requirements of § 2244(b)(2) nor the procedural requirements of § 2244(b)(3). Accordingly, his claim must be dismissed.

### III. Conclusion

For the foregoing reasons, Mederos's request for declaratory relief is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and that petition is denied and dismissed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: January 28, 2016          United States District Judge

---

[5] A petitioner must show either (1) that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable", or (2) that the factual predicate for his claim could not have been discovered through "the exercise of due diligence" *and* the facts underlying the claim would be sufficient to establish "by clear and convincing that, but for constitutional error, no reasonable factfinder could have found the applicant guilty."

[6] "Before a second or successive application" is permitted, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."